# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Marciano Vallejo,
    Petitioner

vs                                Case No. 1:09cv499
                                     (Dlott, C.J.; Hogan, M.J.)

Warden, Dayton Correctional
Institution,
    Respondent

## REPORT AND RECOMMENDATION

Petitioner, a prisoner in state custody at the Dayton Correctional Institution in Dayton, Ohio, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 2). This matter is before the Court on respondent's motion to dismiss (Doc. 8), which petitioner opposes (Doc. 11).

### Procedural Background

In January 2004, the Butler County, Ohio, grand jury returned a seven-count indictment against petitioner and a co-defendant. (Doc. 8, Ex. 1). Petitioner was charged with one count of complicity to trafficking in cocaine in violation of Ohio Rev. Code §§ 2923.03(A)(2) and 2925.03(A)(1) (Count Two); two counts of trafficking in cocaine in violation of Ohio Rev. Code § 2925.03(A)(1) (Counts Three and Four); one count of engaging in a pattern of corrupt activity in violation of Ohio Rev. Code § 2923.32(A)(1) (Count Five); and one count of money laundering in violation of Ohio Rev. Code § 1315.55(A)(3) (Count Seven). (*Id.*).

It appears from the record that petitioner executed two "Time Waivers," which were witnessed by his counsel. (*Id.*, Exs. 3-4). In the first waiver signed on January 29, 2004, petitioner waived his right to a speedy trial "for the period of January 29 , 2004 until February 5, 2004." (*Id.*, Ex. 3). In the second waiver signed on February 5, 2004,

petitioner again waived his right to a jury trial without limitation to any specified time frame. (*Id.*, Ex. 4).

On June 28, 2004, a plea hearing was held, wherein petitioner entered guilty pleas to reduced felony charges of complicity to trafficking in cocaine and engaging in a pattern of corrupt activity (Counts Two and Five), as well as to the remaining counts as charged in the indictment. (*See id.*, Ex. 4 & June 28, 2004 Plea Hearing Tr. 3, 9-12, 19). An interpreter was present and sworn in at the hearing to provide translation services to petitioner; petitioner's counsel also stated at the hearing that he had the use of an interpreter "as necessary" during the plea negotiations. (*Id.*, June 28, 2004 Plea Hearing Tr. 4-5). Written plea agreements in both English and Spanish were executed by petitioner, as well as counsel for both parties and the trial judge; these entries were filed, respectively, with the trial court on June 29 and July 6, 2004. (*Id.*, Exs. 4-5).

Prior to sentencing, on August 2, 2004, petitioner filed a *pro se* motion to dismiss the criminal charges because he was not brought to trial within 90 days of his arrest in violation of his speedy trial rights. (*Id.*, Ex. 6). At the sentencing hearing held on September 2, 2004, petitioner's counsel withdrew the motion.[1] (*Id.*, September 2, 2004 Disposition Tr. 6-7). In an Amended Judgment of Conviction Entry filed September 13, 2004, petitioner was sentenced to terms of imprisonment totaling nine (9) years.[2] (*Id.*, Ex. 11).

The attorney who represented petitioner at the sentencing hearing filed a timely

---

[1] At the sentencing hearing, petitioner was represented by new counsel, who stated that he had known petitioner "for several years." (Doc. 8, September 2, 2004 Disposition Hearing Tr. 3). Petitioner's original trial attorney had filed a Memorandum of Sentencing on August 10, 2004 requesting that minimum concurrent sentences be imposed. (*Id.*, Ex. 7). On August 12, 2004, which was the date initially scheduled for final disposition, the attorney filed a motion to withdraw from the case, because petitioner had informed him of "his intentions to obtain new counsel due to serious differences betwwen Attorney and Client over the case at hand." (*Id.*, Ex. 8). The motion was granted on August 16, 2004. (*Id.*, Ex. 9).

[2] Specifically, petitioner was sentenced to consecutive prison terms of one (1) year for the complicity offense charged in Count Two; two (2) years for the trafficking offense charged in Count Three; and six (6) years for the trafficking offense charged in Count Four. (Doc. 8, Ex. 11). Petitioner also was sentenced to a seven (7) year prison term for engaging in a pattern of corrupt activity as charged in Count Five, and a four (4) year prison term for the money laundering offense charged in Count Seven; both those sentences were to be served concurrently to the sentences imposed on Counts Two, Three and Four. (*Id.*).

notice of appeal on petitioner's behalf to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.*, Ex. 12). With the assistance of new counsel for appeal purposes, petitioner filed a brief on appeal raising three assignments of error, which are not asserted as grounds for relief in the instant action. (*Id.*, Ex. 13). On June 21, 2005, the Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.*, Ex. 18). Although the court granted in part petitioner's motion to certify a conflict with respect to one of the assignments of error challenging the sentences imposed, petitioner apparently did not pursue an appeal to the Ohio Supreme Court from the June 21, 2005 direct appeal decision. (*See id.*, Brief, p. 6 & Exs. 19-20, 35).

Petitioner did not take any further action to challenge his conviction or sentence until November 9, 2007, when he filed a *pro se* motion to withdraw his guilty plea with the trial court. (*Id.*, Ex. 21). In the motion, petitioner claimed that he never executed the two plea agreements in English and in Spanish, but that his attorney, who later withdrew from the case, signed "on the line listed as the defendant signature." (*Id.*). Petitioner further alleged: "Part of the problem rest in the defendant[']s lack of understanding of the English language, as well as problems with counsel of record[], during the plea negotiations." (*Id.*).

Petitioner contacted the Butler County Clerk of Court by letter dated February 19, 2008, inquiring about the status of a "Motion To Withdraw Guilty Plea" that he had sent to the court "on or about October 25, 2007." (*Id.*, Ex. 22). The trial judge responded to petitioner's inquiry by letter dated March 3, 2008. (*Id.*, Ex. 23). In the letter, the judge stated that his office had "never received a copy of the motion and when [he] examined the clerk's docket sheet, your motion does not appear []as having been filed;" the judge suggested that petitioner re-file his motion with the Clerk of Court "and send a separate copy to my chambers." (*Id.*).

Over a month thereafter, on April 18, 2008, petitioner filed another *pro se* motion to withdraw his guilty plea with the trial court. (*Id.*, Ex. 24). In the second motion, petitioner asserted different claims. He contended that he should be permitted to withdraw his guilty pleas because his trial counsel provided ineffective assistance by (1) withdrawing petitioner's *pro se* motion to dismiss from the trial court's consideration prior to sentencing; and (2) failing to raise a claim challenging petitioner's prosecution on the ground that petitioner was not advised of his rights under Article 36 of the Vienna Convention when he was arrested. (*Id.*).

On April 18, 2008, petitioner also filed a *pro se* petition for post-conviction relief

3

with the trial court. (*Id.,* Ex. 25). In the petition, petitioner claimed that the trial court erred in sentencing him to "non-minimum sentences based upon facts not found by a jury or admitted by the defendant" pursuant to *Blakely v. Washington,* 542 U.S. 296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005). (*Id.*).

On April 30, 2008, the trial court issued a decision denying both petitioner's motion to withdraw his guilty plea and his application for post-conviction relief. (*Id.,* Ex. 26). Petitioner filed a timely *pro se* notice of appeal from this decision to the Ohio Court of Appeals, Twelfth Appellate District. (*Id.,* Ex. 27). In his brief, as amended, petitioner asserted the following assignments of error:

> 1. The trial court erred in violation of appellant's rights to a speedy trial in failing to bring him to trial within the 90-day time limit.
>
> 2. Whether the court fully complied with Criminal Rule (11) [based on the failure to provide an interpreter due to a language barrier, which "amounts to Prejudicial Error and/or Ineffective Assistance of Counsel."]
>
> 3. Ineffective assistance of counsel at the trial stage for waiving appellant's [pro se] speedy trial claim.
>
> 4. The trial court erred in violation of appellant's absolute right to procedural due process of law in failing to inform him of his constitutional rights [under Articles 5 and 36 of the Vienna Convention] during the judicial proceedings.
>
> 5. Whether appellant's absolute right to procedural due process of law is violated [where appellant made "a prima facie showing warranting the review of his post-conviction petition at the trial stage."]

(*Id.,* Ex. 29). On November 17, 2008, the Ohio Court of Appeals overruled the assignments of error and affirmed the trial court's judgment. (*Id.,* Ex. 31).

It appears from the record that petitioner filed a *pro se* notice of appeal, which was received by the Ohio Supreme Court Clerk of Court on December 31, 2008. (*See id.,* Ex. 33, attached "Exhibit (A)"). In a letter dated December 31, 2008 from a deputy clerk of the state supreme court, petitioner was informed that the documents submitted for filing were "being returned ... because they do not meet the requirements of the Rules of

Practice of the Supreme Court of Ohio" as follows:

> The materials necessary to perfect your appeal were not filed within the 45-day time period prescribed by Rule II, Section 2(A)(1). An appeal from a November 14, 2008 judgment entry would have been due *in the Clerk's Office* no later than 5:00 p.m. on Monday, December 29, 2008....

> Additionally, your memorandum in support of jurisdiction exceeds the 15-page limit set forth in Rule II, Section 1(C).

(*Id.*) (emphasis in original).

Approximately two months later, on February 27, 2009, petitioner filed a *pro se* notice of appeal and request for leave to file a delayed appeal with the Ohio Supreme Court. (*Id.,* Ex. 32-33). Petitioner argued that his transfer and transition from one prison facility to another constituted "good cause" for his delay in filing; he also argued that his initial notice of appeal to the Ohio Supreme Court was timely and that the clerk's office erred in its calculations given that the Ohio Court of Appeals' decision was not entered on November 14, but on November 17, 2008. (*Id.,* Ex. 33). On April 22, 2009, the Ohio Supreme Court denied petitioner's motion for delayed appeal and ordered the cause dismissed without opinion. (*Id.,* Ex. 34).

Petitioner next commenced the instant habeas corpus action in July 2009.[3] In the petition, petitioner presents the following grounds for relief:

**Ground One:** Ineffective representation of trial counsel(s).

---

[3]The petition was stamped as "filed" on July 16, 2009. Although petitioner signed the petition, he did not provide a date to denote when the petition was placed in the prison mailing system for delivery to the Court. (*See* Doc. 2, p. 15). It appears from petitioner's *in forma pauperis* application that the earliest possible date he could have submitted the petition to the prison mailroom was July 13, 2009, the date the prison cashier signed the "Certificate" portion of that application. (*See* Doc. 1). Because under *Houston v. Lack,* 487 U.S. 266 (1988), the filing date of a federal habeas corpus petition submitted by a *pro se* prisoner is the date on which the prisoner provides his papers to prison authorities for mailing, *see, e.g., Jones v. Bertrand,* 171 F.3d 499, 502 (7th Cir. 1999); *Nichols v. Bowersox,* 172 F.3d 1068, 1077 (8th Cir. 1999); *Spotville v. Cain,* 149 F.3d 374, 376-77 (5th Cir. 1998); *Burns v. Morton,* 134 F.3d 109, 112-13 (3rd Cir. 1998); *see also In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), the undersigned assumes that the petition was delivered to prison authorities and thus "filed" at the earliest on July 13, 2009.

**Supporting Facts:** Failed to provide an interpreter to convey an understanding of the proceedings; failed to challenge *pro se* motion to withdraw guilty plea before sentence announced for speedy trial violation; nor bring to the attention of the court's failure to inform defendant of his rights under Article 36 of the Vienna Convention.

**Ground Two:** Failure of the trial court to inform defendant of his rights under Article 36 of the Vienna Convention.

**Ground Three:** Speedy trial statute violation.

**Ground Four:** Violation of Criminal Rule 11[.]

**Supporting Facts:** The trial court failed to provide defendant with an interpreter to understand the proceedings taking place during the guilt and sentencing phase and as a result [defendant] did [not] receive[] a clear conveyance of what he was pleading guilty to.

(Doc. 2, pp. 6, 7, 9, 10).[4]

In the motion to dismiss filed in answer to the petition, respondent contends that the petition is barred from review by the one-year statute of limitations governing federal habeas petitions set forth in 28 U.S.C. § 2244(d). (Doc. 8, Brief, pp. 11-17). Alternatively, respondent contends that (1) Grounds Two and Three do not state a cognizable claim for federal habeas corpus relief; (2) petitioner has waived the claims

---

[4]It is noted that the Vienna Convention on Consular Relations (VCCR), which forms the basis of petitioner's second ground for relief, as well as part of his first ground for relief, was drafted for the "purpose, evident in its preamble, of 'contribut[ing] to the development of friendly relations among nations, irrespective of their differing constitutional and social systems.'" *Sanchez-Llamas v. Oregon,* 548 U.S. 331, 337 (2006). Article 36(1)(b) of the VCCR provides in pertinent part that "when a national of one country is detained by authorities in another, the authorities must notify the consular offices of the detainee's home country if the detainee so requests," and also must inform the detainee "without delay of his rights under this sub-paragraph." *See id.* at 338-39. Article 36(2) further provides that the rights referred to in Article 36(1)(b) "shall be exercised in conformity with the laws and regulations of the receiving State, subject to the proviso, however, that the said laws and regulations must enable full effect to be given to the purposes for which the rights accorded under this Article are intended." *See id.* at 339.

alleged in Grounds Two through Four due to his procedural defaults in the state courts; and (3) petitioner is unable to show that he is entitled to relief based on the merits of the ineffective assistance of counsel claim alleged in Ground One. (*See id.*, pp. 17-33).

Petitioner has filed a "Traverse/Reply" to respondent's motion to dismiss. (Doc. 11). In this pleading, petitioner does not address the statute of limitations issue, but contests some of respondent's "allegations" pertaining to the merits of petitioner's claims for habeas corpus relief. (*See id.*, Affidavit).

## OPINION

### The Petition Should Be Dismissed With Prejudice Because It Is Time-Barred Under 28 U.S.C. § 2244(d)

Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214, a person in custody pursuant to the judgment of a state court must file an application for writ of habeas corpus within one year from the latest of: (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(2), the running of the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

In this case, petitioner's claims are governed the one-year statute of limitations set forth in § 2244(d)(1)(A) Petitioner seeks habeas corpus relief based on alleged errors that occurred at the time of his arrest or during the plea-taking and sentencing proceedings. There is no evidence in the record, nor has petitioner alleged any facts to suggest, that petitioner was not aware of, or could not have discovered through the exercise of due diligence, the factual predicate of all grounds for relief alleged in the instant habeas petition by the time his conviction became final by the conclusion of direct

7

review or the expiration of time for seeking such review. Therefore, as respondent has argued in the return of writ, the limitations provision set forth in 28 U.S.C. § 2244(d)(1)(D) is inapplicable, and the "only appropriate date to use to start the limitations period is the date [the challenged] judgment [of conviction and sentence] became final" as set forth in 28 U.S.C. § 2244(d)(1)(A).[5] (Doc. 8, Brief, p. 14).

In this case, the Court assumes, without deciding, that because petitioner's counsel filed a motion to certify conflict, which was granted in part, petitioner's conviction did not become "final" as in the usual case when the 45-day period expired for filing a timely appeal to the Ohio Supreme Court from the Ohio Court of Appeals' June 21, 2005 direct appeal decision. *See* Rule II, § 2(A)(1), Rules of Practice of the Supreme Court of Ohio. Rather, the Court assumes in petitioner's favor that the judgment of conviction became "final" for statute of limitations purposes when the 30-day period expired for filing the Court of Appeals' order certifying a conflict with the Ohio Supreme Court. *See* Rule IV, § 1, Rules of Practice of the Supreme Court of Ohio.

Specifically, Rule IV, §1, of the Ohio Supreme Court's Rules of Practice provides: "Failure to file the court of appeals order certifying a conflict within 30 days after the date of such order shall divest the Supreme Court of jurisdiction to consider the order certifying a conflict." Petitioner's conviction and sentence became final pursuant to this rule on September 2, 2005, or 30 days after the Ohio Court of Appeals issued its final order on August 3, 2005 granting in part petitioner's motion to certify conflict. (*See id.,* Ex. 20). The statute of limitations set forth in 28 U.S.C. § 2244(d)(1)(A) commenced running one day later on September 3, 2005. *See* Fed. R. Civ. P. 6(a); *Bronaugh v. Ohio,* 235 F.3d 280, 285 (6th Cir. 2000). Absent the application of the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) or other equitable tolling principles, the limitations period expired one year later on September 3, 2006, and the instant petition filed nearly three years later in July 2009 is time-barred.

During the one-year period beginning September 3, 2005, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications

---

[5]It is noted that no issues are triggered with respect to the other limitations provisions set forth in 28 U.S.C. § 2244(d)(1)(B) and § 2244(d)(1)(C), because petitioner has not alleged any facts even remotely suggesting that he was prevented by a state-created impediment from filing a timely federal habeas petition or that any of his claims for relief are based on a constitutional right newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.

for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2); *see also Bennett v. Artuz,* 199 F.3d 116, 119 (2nd Cir. 1999), *aff'd,* 531 U.S. 4 (2000); *Gaskins v. Duval,* 183 F.3d 8, 10 (1st Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998) (per curiam); *Gendron v. United States,* 154 F.3d 672, 675 & n.3 (7th Cir. 1998) (per curiam), *cert. denied,* 526 U.S. 1113 (1999); *Hoggro v. Boone,* 150 F.3d 1223, 1226 (10th Cir. 1998); *Lovasz v. Vaughn,* 134 F.3d 146, 148-49 (3rd Cir. 1998); *cf. Morris v. Bell,* 124 F.3d 198 (table), No. 96-5510, 1997 WL 560055, at *3 (6th Cir. Sept. 5, 1997) (unpublished), *cert. denied,* 522 U.S. 1149 (1998).

This tolling provision, however, does not "'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully expired." *Rashid v. Khulmann,* 991 F. Supp. 254, 259 (S.D.N.Y. 1998).[6] Once the limitations period is expired, state collateral review proceedings can no longer serve to avoid the statute of limitations bar. *Id.*[7]

In this case, petitioner took no further action to challenge his conviction or sentences until November 9, 2007, when he filed his first *pro se* motion to withdraw his guilty plea with the trial court. Thereafter, he filed another motion to withdraw his guilty plea, as well as a petition for post-conviction relief, in the state courts. However, neither the motion filed in November 2007, over a year after the statute of limitations had run its course, nor the applications that followed may serve to toll the limitations period which had long since expired. Therefore, petitioner is not entitled to statutory tolling under 28 U.S.C. § 2244(d)(2).

The AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling in appropriate cases. *Holland v. Florida,* _ S.Ct. _, No. 09-5327, 78 USLW 4555, 2010 WL 2346549, at *9 (U.S. June 14, 2010) (to be published); *see also Sherwood v. Prelesnik,* 579 F.3d 581, 587-88 (6th Cir. 2009); *Allen v. Yukins,* 366 F.3d 396, 401 (6th Cir.), *cert. denied,* 543 U.S. 865 (2004); *Dunlap v. United States,* 250 F.3d 1001, 1003 (6th Cir.), *cert. denied,* 534 U.S. 1057 (2001). The Supreme Court has held that a petitioner

---

[6]*See also Smith v. McGinnis,* 208 F.3d 13, 16-17 (2nd Cir.) (and cases cited therein), *cert. denied,* 531 U.S. 840 (2000); *Sorce v. Artuz,* 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999) (and cases cited therein); *Blasi v. Attorney General of Pennsylvania,* 30 F.Supp.2d 481, 485 (M.D. Pa. 1998)

[7]*Cf. Cox v. Angelone*, 997 F. Supp. 740, 743-44 (E.D. Va. 1998); *Healy v. DiPaolo,* 981 F. Supp. 705, 706-07 (D. Mass. 1997).

is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland, supra,* 2010 WL 2346549, at \*12 (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005), which in turn cited *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990)).

The Sixth Circuit requires the court to consider the following factors in determining whether the statute of limitations governing federal habeas petitions should be equitably tolled:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Sherwood,* 579 F.3d at 588; *Dunlap,* 250 F.3d at 1008 (citing *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988)). Under this test, the absence of prejudice to respondent is not an independent basis for invoking the doctrine of equitable tolling. *Dunlap,* 250 F.3d at 1009; *Andrews,* 851 F.2d at 151(citing *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 152 (1984)). The absence of prejudice may only be considered when other factors of the test are met. *Id.*

Here, petitioner has not demonstrated that some extraordinary circumstance prevented him from filing a timely federal habeas corpus petition with this Court. He also has not demonstrated that he lacked notice or constructive knowledge of the one-year filing requirement, or that he reasonably has remained ignorant of the requirement which has been in effect since April 1996. Most importantly, it is clear from the record that petitioner has not been diligent in pursuing his rights. Therefore, petitioner is not entitled to equitable tolling in this case.

Accordingly, in sum, the undersigned concludes that the statute of limitations commenced running at the very latest on September 3, 2005 and expired one year later on September 3, 2006. Neither the statutory tolling provision set forth in 28 U.S.C. § 2244(d)(2) nor equitable tolling principles apply to toll the limitations period in the instant case. Petitioner's federal habeas corpus petition filed at the earliest on July 13, 2009, nearly three years after the limitations period ended, is time-barred. Therefore, respondent's motion to dismiss (Doc. 8) should be **GRANTED**.

10

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss (Doc. 8) be **GRANTED**, and that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 2) be **DENIED** with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

2. A certificate of appealability should not issue for any of the claims alleged in the petition, which this Court has concluded is barred from review on a procedural ground, because under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether the Court is correct in its procedural ruling.[8]

3. With respect to any application by petitioner to proceed on appeal *in forma pauperis,* the Court should certify pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and therefore **DENY** petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. P. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date: 7/20/10
cbc

Timothy S. Hogan
United States Magistrate Judge

J:\BRYANCC\2010 habeas orders\09-499grant-mtd.sol-2244(d)(1)(A).notolling.wpd

---

[8]Because the first prong of the *Slack* test has not been met, the Court need not address the second prong of *Slack* as to whether "jurists of reason" would find it debatable whether petitioner has stated a viable constitutional claim in any of his time-barred grounds for relief. *See Slack,* 529 U.S. at 484.

UNITED  STATES  DISTRICT  COURT
SOUTHERN  DISTRICT  OF  OHIO
WESTERN  DIVISION

Marciano Vallejo,
    Petitioner

      vs                         Case No. 1:09cv499
                                 (Dlott, C.J.; Hogan, M.J.)

Warden, Dayton Correctional
Institution,
    Respondent

# NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **within 14 days** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **within 14 days** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters,* 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X ☑ Agent ☐ Addressee |
| | B. Received by (Printed Name) \| C. Date of Delivery |
| 1. Article Addressed to: <br><br> Marciano Vallejo # A478-130 <br> Dayton Corr. Inst. <br> PO Box 17249 <br> 4104 Germantown Street <br> Dayton OH 45417 | D. Is delivery address different from item 1? ☐ Yes <br> If YES, enter delivery address below: ☐ No |
| | 3. Service Type <br> ☑ Certified Mail ☐ Express Mail <br> ☐ Registered ☐ Return Receipt for Merchandise <br> ☐ Insured Mail ☐ C.O.D. |
| | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number <br> (Transfer from service label) | 7002 3150 0000 8389 8541 |
| PS Form 3811, August 2001 | Domestic Return Receipt | 102595-02-M-1540 |

1.09 cv 499   (Doc. 12)